[Cite as *State v. Wainwright*, 2023-Ohio-399.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                            Court of Appeals No.  L-22-1079

    Appellee                                         Trial Court No.  CR0202102211

v.

Edward Wainwright                              **DECISION AND JUDGMENT**

    Appellant                                        Decided: February 10, 2023

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Morgan Spitler, Assistant Prosecuting Attorney, for appellee.

W. Alex Smith, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a March 1, 2022 judgment of the Lucas County Court

of Common Pleas, sentencing appellant to a one-year total term of incarceration,

following appellant's negotiated plea to one amended count of having a weapon while

under disability, in violation of R.C. 2923.13(A)(3), as reduced to a felony of the fourth

degree, and one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a

felony of the fourth degree.  In exchange, one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fourth degree, was dismissed.  For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 2} Appellant, Edward Wainwright, sets forth the following sole assignment of error:

"The Court erred by sentencing [appellant] to prison despite not making findings under R.C. 2929.13(B)(1)(b)."

{¶ 3} The following undisputed facts are relevant to this appeal.  On the night of November 24, 2019, a Toledo Police Department narcotics unit conducting surveillance of suspected drug activity in central Toledo stopped a vehicle after law enforcement's observations triggered suspicions that the subject vehicle had just engaged in a drug transaction with an adjacent vehicle, which had pulled up alongside it.

{¶ 4} Consistent with the observations preceding and prompting the stop, appellant, the driver of the vehicle, was found to be in possession of a .38 caliber Colt pistol, in excess of 8g of cocaine, and a digital scale containing cocaine residue.

{¶ 5} On August 9, 2021, appellant was indicted on one count of having weapons while under disability, in violation of R.C. 2923.13(A)(3), a felony of the third degree, one count of trafficking in cocaine, in violation of R.C. 2925.03(A)(2), a felony of the fourth degree, and one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fourth degree.

{¶ 6} On January 12, 2022, pursuant to a negotiated plea agreement, appellant pled guilty to one amended count of having weapons while under disability, as reduced

2.

from a felony of the third degree to a felony of the fourth degree, and to one count of trafficking in cocaine, a felony of the fourth degree. In exchange, the remaining offense of possession of cocaine was dismissed. A presentence investigation was ordered.

{¶ 7} On March 1, 2022, the trial court conducted appellant's sentencing hearing. At sentencing, the trial court held, in pertinent part, *"[Y]ou have a lengthy criminal history consisting of 29 adult misdemeanor convictions and four prior adult felony convictions. You have been incarcerated at both the state and local level. Previous community control supervision has been terminated as unsuccessful * * * [P]revious court interventions have failed. As such you present a risk to the safety of this community.*" (Emphasis added.)

{¶ 8} The trial court then sentenced appellant to two, one-year terms of incarceration, ordered to be served concurrently, constituting a one-year total term of incarceration. This appeal ensued.

{¶ 9} In the sole assignment of error, appellant argues that the trial court erred in imposing a term of incarceration at sentencing, given the initial statutory presumption of community control in lieu of incarceration for fourth and fifth degree felony convictions, as set forth in R.C. 2929.13(B)(1)(a).

{¶ 10} Specifically, in support of this appeal, appellant asserts, "Why does * * * [appellant] need to go to prison when he raised his hand and said that he committed the offense * * * He should have been rewarded but his sentence [by including incarceration] does not reflect that." We are not persuaded.

3.

{¶ 11} R.C. 2953.08(G)(2) directs that an appellate court may increase, reduce, modify, or vacate and remand a disputed felony sentence if it clearly and convincingly finds either that the record does not support applicable statutory findings or that the sentence is otherwise contrary to law. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 11.

{¶ 12} We note, contrary to appellant's position that the concurrent, one-year, non-maximum sentence imposed in this case reflected no substantive sentencing benefit accruing to appellant in exchange for the negotiated pleas, the potential maximum sentence which could have been imposed upon the pleas being entered in this case was a three-year total term of incarceration.

{¶ 13} By contrast, appellant was sentenced to a one-year period of incarceration. In addition, a third felony offense, one count of possession of cocaine, in violation of R.C. 2925.11(A), a felony of the fourth degree, was dismissed. The notion that appellant gained no substantive sentencing concessions or benefits stemming from the plea agreement is counter to the facts and is without merit.

{¶ 14} Appellant's corollary suggestion that the facts of this case warranted adherence to the initial, statutory presumption of the imposition of community control in lieu of incarceration, does not comport with the statutory language governing such considerations, as enumerated in R.C. 2923.13(B)(1), or with the decisions of this court in response to such arguments upon appeal.

{¶ 15} With respect to the initial, statutory presumption of community control in lieu of incarceration, R.C. 2929.13(B)(1)(a)(i) conditionally establishes, "[I]f an offender

is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence * * * *the court shall sentence the offender to a community control sanction    * * * if all of the following apply (i) the offender previously has not been convicted of or pleaded guilty to a felony offense*." (Emphasis added).

{¶ 16} As applied to the instant case, the record reflects, and the trial court specifically found at sentencing, that appellant possesses, "[A] lengthy criminal history consisting of 29 adult misdemeanor convictions and *four prior adult felony convictions*." (Emphasis added). Accordingly, the record reflects that appellant was rendered ineligible for the presumption of community control, based upon his past felony convictions, pursuant to R.C. 2929.13(B)(1)(a)(i).

{¶ 17} As held by this court in response to similar arguments in *State v. Boswell*, 6th Dist. Erie No. E-18-053, 2019-Ohio-2949, ¶ 22, "Based on our review of the plain language of R.C. 2929.13(B)(1)(a), we agree with the Eleventh District that *the community control presumption contained therein applies only where the defendant pleads guilty to a singular nonviolent felony of the fourth or fifth degree. Because appellant pleaded guilty to two felonies of the fourth degree in this case, he was not entitled to the presumption of community control [given the multiple felony convictions]*." (Emphasis added).

{¶ 18} Thus, not only was appellant rendered ineligible for the presumption of community control in this case based upon his four prior felony convictions, even assuming arguendo that appellant had no prior felony convictions, pursuant to *Boswell*

appellant would nevertheless be ineligible for the community control presumption based upon being convicted of more than one felony offense in this case.

{¶ 19} Given the record's reflection of appellant's ineligibility for the R.C. 2929.13(B)(1)(a) conditional presumption of community control in lieu of incarceration, we now turn our focus to the trial court's discretionary, statutory authority to impose a period of incarceration upon offenders convicted of fourth or fifth felonies, as set forth in R.C. 2929.13(B)(1)(b).

{¶ 20} R.C. 2929.13(B)(1)(b)(i) & (ix) establish in relevant part, "*The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree * * * if any of the following apply*:  (i) The offender committed the offense *while having a firearm on or about the offender's person or under the offender's control * * ** (ix)  The offender at the time of the offense was serving, or *the offender previously had served, a prison term*."  (Emphasis added).

{¶ 21} As applied to the instant case, the transcript of the sentencing proceedings reflects that the make, model, and serial number of the weapon found in appellant's possession in the course of committing the underlying offenses was explicitly placed upon the record, as was the fact that appellant had four prior felony convictions and had served prior prison terms at both the state and local levels.

{¶ 22} The trial court stated at sentencing, "Can we place on the record the identifying information for the firearm?"  Appellee replied, "The firearm is a diamondback Colt pistol, a 38 caliber, which is serial number NO7328."

6.

**{¶ 23}** Shortly thereafter, in considering and elaborating upon all of the aggravating circumstances manifest in this case, the trial court stated, "*[Y]ou have a lengthy criminal history consisting of 29 adult misdemeanor convictions and four prior adult felony convictions   * * * You have [previously] been incarcerated at both the state and local level.*"  (Emphasis added).

**{¶ 24}** We have carefully reviewed and considered the record of evidence.  The record clearly reflects appellant to be ineligible for the conditional presumption of community control, as established by R.C. 2929.13(B)(1)(a).

**{¶ 25}** In conjunction, the record clearly reflects that the trial court properly considered, and articulated, multiple supporting statutory findings, so as to warrant the exercise of its discretionary authority to impose a prison term for the two, fourth-degree felony convictions underlying this case, pursuant to R.C. 2929.13(B)(1)(b).

**{¶ 26}** On consideration whereof, we find that appellant has failed to clearly and convincingly establish that the record does not support the trial court's R.C. 2929.13(B) findings or that the sentence is otherwise contrary to law.

**{¶ 27}** Accordingly, appellant's assignment of error is found not well-taken. Wherefore, the judgment of the Lucas County Court of Common Pleas is hereby affirmed.  Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                            _____
                                                JUDGE

Christine E. Mayle, J.

Myron C. Duhart, P.J.                     _____
CONCUR.                                               JUDGE

                                                _____
                                                JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

8.